IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL SUAREZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-104 |
| | § | |
| FELDMAN'S REAL ESTATE, INC., | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION TO DISMISS ALL CLAIMS

### I. Synopsis

In April of 2004, Miguel Suarez, who is disabled and uses assistive devices for mobility, attempted to visit a Subway in Brownsville, Texas. The Subway, on property owned by Feldman's Real Estate, Inc., did not have the ADA required parking space for Suarez's use. Suarez filed an ADA claim against Feldman's for the non-ADA compliant parking. After the filing of the lawsuit, Feldman's fixed the parking lot and made it ADA compliant as evidenced below:

 Dkt 18-3, p. 7.

Suarez, via a motion for summary judgment, alleges the remediation leaves only a singular issue, a permanent injunction. However, Suarez no longer has standing before this court as he lacks an actual case or controversy. Thus, Suarez's cause should be dismissed.

1

## II. Jurisdiction

At the timing of initial filing, this Court had federal question subject matter jurisdiction, because Plaintiff Miguel Suarez ("Suarez") alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq* against Defendant Feldman's Real Estate, Inc. ("Feldman's"). *See* Dkt. No. 1; 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge to conduct all pretrial proceedings. Dkt. No. 7. Additionally, Federal Courts have jurisdiction to determine their own jurisdiction. *See United States v. Ruiz,* 536 U.S. 622, (2002); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

Venue is proper in the Southern District of Texas, Brownsville Division because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. No. 1. (alleging non-ADA complaint parking at Feldman's property); 28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## III. Standard of Review

To have standing to bring a cause of action in federal court, a plaintiff must have an actual "case or controversy." U.S. Const. art. III; *See Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295-96, 142 S.Ct. 1638, 1646 (2022). Constitutional standing has three parts: (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury incurred and the conduct alleged; and (3) the likelihood that a favorable decision will redress the injury." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992). A court must dismiss a cause for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(h)(3). (If…at any time…it lacks subject matter jurisdiction, the court must dismiss.) At the summary judgment stage, a plaintiff

may no longer assert "mere allegations but must bring forward admissible evidence to establish standing." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) (internal citation omitted). "[S]tanding is a threshold issue that we consider before examining the merits." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016).

## IV. Background and Procedural History

Suarez sues for a declaratory judgment that Feldman's actions violate The Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12101 *et seq*. Suarez alleges he is physically disabled with mobility impairments and utilizes assistive devices to ambulate. Dkt. No. 1, p. 2. In April of 2024, Suarez went to visit a business, Subway, located at 764 Boca Chica Boulevard, Brownsville, Texas. *Id.* Feldman's owns, manages, controls and leases the improvements and building where the Subway business operates. Dkt. No. 1, p. 3. Suarez alleges that, at the time of his visit, he encountered several architectural barriers in the form of "no ADA-compliant van-accessible spaces of the shortest access route to the business" and "no ADA-required handicapped parking signs." Dkt. No. 1, p. 3. Accordingly, Suarez identifies three separate discrimination violations under the ADA:

1) Failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. §12182(b)(2)(A)(ii).

2) Failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. §12182(b)(2)(A)(iv).

3) Failure to make alterations in such a manner that, to the maximum extent possible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. §12183(a)(2).

Dkt. No. 1, pp. 6-7.

In his complaint, Suarez asks the Court to: (1) issue a permanent injunction, compelling Defendant's compliance with the ADA and enjoining future violations of this kind; (2) issue a declaratory judgment that Defendant's actions are violations of the ADA; (3) find Suarez is the prevailing party to this action; and (4) award him attorney's fees, litigation expenses, and costs. Dkt. No. 1, p. 10.

The Court held an initial pretrial conference to review the parties case management plan. Dkt. No. 12; *See* Minute Entry Dated October 9, 2024. A scheduling order was issued that same day. Dkt. No. 13.

On November 5, 2024, the Court received Suarez's Motion to Compel Discovery Responses. Dkt. No. 14. After receipt of the requested discovery information, Suarez filed notice of their waiver of the discovery motion. Dkt. No. 17. The Court then dismissed this motion. Dkt. No. 19.

On December 7, 2024, Suarez filed a Motion for Summary Judgment, arguing Feldman's freely admits the violations as evidenced by the discovery disclosures of subsequent remediation. Dkt. No. 18. Suarez asked the court to find him a "prevailing party" entitled to fees. *Id.*

On December 30, 2024, Feldman's responded to Suarez's Motion for Summary Judgement. Dkt. No. 21. Feldman's urges that summary judgment is inappropriate at this stage, because Suarez submits no competent summary judgment evidence outside of his initial complaint. *Id.* at 2-5. Feldman's also argues that Suarez lacks sufficient standing in that he is unable to show an "injury in fact" which would be redressed through a favorable decision of this Court. *Id.* at 4-5.

On February 18, 2025, untimely and without leave of Court, Suarez filed a reply to Feldman's Response. Dkt. No. 21. Given the rest of the record[1] is sufficient to address

---

[1] The Court is authorized to consider evidence beyond the complaint to determine whether its own subject matter jurisdiction exists. *See Clark v. Tarrant Co., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986).

Suarez's claims without inclusion of this filing, the Court declines to accept it and does not consider its' argument in this recommendation.

V. **Analysis**

   a. **The issue is whether Suarez has standing given Feldman's remediation.**

In his complaint, Suarez alleges he visited the Subway location owned by Feldman's in April of 2024 and found their parking lot to be in violation of Title III of the ADA. Dkt. No. 1, p. 5. Discrimination under the ADA includes "a failure to remove architectural barriers where such removal is readily achievable." 28 U.S.C. §12182(b)(2)(A)(iv). Suarez alleges Feldman's failure to provide adequate handicapped parking, and related signage violates Title III of the ADA. 42 U.S.C. §§12181, *et seq*. He argues Feldman's alleged violation denied him the ability to enjoy the good services, facilities, privileges, advantages, and accommodations of the Subway which would have been otherwise available to him. Dkt. No. 1, p. 2. Suarez states the parking lot at the time of his visit negatively affected his life, because he was unable to safely access the Subway without fear of being struck by a vehicle. *Id.* at 5. Suarez includes images showing the allegedly deficient Subway parking lot. *Id.* at 4. However, between the filing of this case and the present, Feldman's alleges "the parking lot complained of has been remedied." Dkt. No. 20, pp. 3-4. As evidence of this remedial effort, Feldman's references photographs of the compliant parking lot included as attachments in Plaintiff's Motion for Summary Judgment. Dkt. Nos. 18-2, 18-3. Resultingly, Suarez represents that "the only substantive issue that remains is that Plaintiff seeks a permanent injunction to make sure the property *remains* ADA-compliant." Dkt. No. 18, p. 4 (emphasis added).

Although "any person who is being subjected to discrimination based on disability in violation of" Title III of the ADA has a cause of action, whether the plaintiff has standing is distinct from simply having a cause of action. *Betancourt v. Federated Dpt. Stores*, 732 F. Supp. 693, 707 (W.D. Tex. 2010). Suarez alleges Feldman's failed to comply with Title III of the ADA, because there was no clearly marked handicapped accessible parking and related signage when he visited the Subway in 2024.

The issue now, however, is whether the Court retains subject matter jurisdiction over Suarez's claims. To meet the test for standing, Suarez must demonstrate a threat of future harm which warrants permanent injunctive relief. To resolve this question, the Court examines the "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### b. Suarez does not have standing.

Because standing implicates the Court's jurisdiction, the Court must first determine this threshold issue. See *Ford v. NYLCare Health Plans of Gulf Coast, Inc*., 301 F.3d 329, 331-32 (5th Cir. 2002) ("Article III constitutional standing . . . must—where necessary—[be considered] sua sponte."). To establish standing under the Constitution, plaintiffs must show, (1) an injury in fact—an invasion of a legally protected interest which is both concrete and particularized, (2) which is fairly traceable to the challenged action of the defendant, and (3) likely to be redressed by a favorable decision of the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A plaintiff must demonstrate standing for each claim he presents and for each form of relief he seeks. *Murthy v. Missouri*, 603 U.S. 43, 61 (2004). Pursuant to Title III of the ADA, a plaintiff's claims are limited to "injunctive relief, and a restraining or similar order." *Plumley v. Landmark Chevrolet, Inc*., 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188).

### i. Suarez fails to demonstrate an injury in fact under the "deterrent effect theory."

To demonstrate an injury in fact under the "deterrent effect theory", the plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. 555, 560. "[T]he risk of injury in fact is not speculative so long as the alleged discriminatory barriers remain in place, the plaintiff remains disabled, and the plaintiff is 'able and ready' to visit the facility once it is made compliant. If the disabled plaintiff returns to the location, the same discrimination will occur until the facility is made compliant."

6

*Betancourt*, 732 F. Supp.2d at 709.  Past injury is insufficient to show actual injury, because a party must show it "has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged … conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted).  Past injury is insufficient to show immediate danger "if unaccompanied by … continuing, present adverse effects." *Id.*

It is undisputed that at the time Suarez filed his lawsuit, Feldman's was not ADA compliant.  It is undisputed that at this time, the Subway parking lot on the property owned by Feldman's is now ADA compliant.  Because Feldman's fixed the parking lot, Suarez is unable to demonstrate to this Court that he now has an injury in fact.  Suarez's past injury when visiting the parking lot in 2024 is not sufficient to sustain an injury in fact for his ADA lawsuit.

### ii. Suarez does not have a current injury traceable to Feldman's actions.

Presently, Suarez does not have an injury traceable to Feldman's actions, because the injury is not likely to recur.  *See Frame v. City of Arlington*, 657 F.3d 215, 215-235 (5th Cir. 2011) (en banc) ([T]he individual must show only that [the inaccessibility] affects his activities in some concrete way.")  Suarez agrees that Feldman's made the Subway parking lot ADA compliant.  Dkt. 18, p. 4.  When Suarez returns to the Subway, he is now able to "shop locally to save money" and is free from "not having access to local business (because of his disability)." Dkt. No. 1, p. 10.  He shows no "concrete impact" affecting his activities in this community should he return to Subway.  Because the parking lot is fixed and Suarez offers no argument as to the threat of current or future harm, he fails to show the future injury traceable to Feldman's as required to maintain standing.

### iii. Suarez fails to show any injury redressable through a favorable judicial decision.

Because Suarez sues under the ADA, he is limited to seeking "injunctive relief, and a restraining or other similar order." 42 U.S.C. § 12188; *Plumley,* 122 F.3d at 312.  Suarez must meet the standing requirements to show entitlement to equitable relief in the form of

an injunction. If the Plaintiff seeks equitable relief, he must also show that there is a real and immediate threat of repeated injury. *City of Los Angeles*, 461 U.S. at 102.

The Fifth Circuit has previously held that, "[t]o obtain standing for injunctive relief, a plaintiff must show that there is a reason to believe that he would directly benefit from the equitable relief sought. In other words, a plaintiff must face a threat of present or future harm." *Plumley*, 122 F.3d at 312. To establish his eligibility for prospective injunctive relief, Suarez must plead facts that demonstrate the threat of present or future harm. However, he does the opposite. In his motion for summary judgment, Suarez specifically agrees with Feldman's that: (1) "the property was not in compliance with the ADA in April of 2024," (2) "[r]emediations of signs and restriping were performed," and (3) "the property and business were brought into compliance after the instance case was filed." Dkt. No. 18, p. 4 (emphasis in original). Suarez also includes photographic evidence to support his assertion of an ADA-compliant parking at the Subway. Dkt. Nos. 18-2, 18-3. Suarez pleads no particularized facts to support the idea that without an injunction, the threat of future harm is likely. The Court relies on Feldman's admission that the parking is now ADA compliant along with the images showing a handicap parking space at the Subway. Dkt. No. 18-3. The Court further relies on Suarez's acknowledgement of compliance to find Suarez is not presently in danger of encountering the complained of parking lot violations, even if he were to return to the same Subway location today. Dkt. Nos. 18, 20. Even if the Court were to issue Suarez a permanent injunction, this grant of prospective relief does not redress any past injury, and future injury remains highly speculative. Therefore, he is unable to maintain his present claim.

Suarez's argument that he may seek a permanent injunction regardless of Feldman's remediation is without merit. When seeking a permanent injunction under the ADA, a plaintiff must demonstrate "a real and immediate threat of repeated injury." *Deutsch v. Annis Enterprises, Inc.* 882 F.3d 169, 173 (5th Cir. 2018). Suarez is required to show Feldman's ADA violations will negatively affect his day-to-day life. *Frame*, 657 F.3d. at 236. Suarez's past exposure to the non-ADA compliant parking lot does not in itself show

a present controversy requiring injunctive relief. By his own admission, the parking lot is now ADA compliant. Dkt. No. 18, p. 4. Suarez does not present any continuing, present adverse effects warranting the relief he requests. *See O'Shea v. Littleton*, 94 S.Ct. 669,676 (1974).

When Suarez filed his cause of action under the ADA, he had standing to bring the claim before this Court. Now, Suarez lacks standing, because his claim for declaratory relief, ADA-compliance, permanent injunction, and related attorney's fees has become moot due to Feldman's remediation efforts. "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).' " *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d. 479 (1980). After the filing of this litigation, Feldman's brought the parking lot into compliance. Resultingly, Suarez's claim became moot. He, therefore, lacks standing to continue this litigation and petition for further relief.

## VI. Recommendation

Because Suarez lacks standing to sue on his ADA claims, the Court recommends that his cause of action be dismissed under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Consequently, the Court declines to address the merits of Suarez's Motion for Summary Judgment.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the

objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 6, 2025.

*[signature: Karen Betancourt]*
Karen Betancourt
United States Magistrate Judge